ROBERT G. WELLS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wells v. Commissioner
Docket No. 8546-74.
United States Tax Court
T.C. Memo 1976-52; 1976 Tax Ct. Memo LEXIS 352; 35 T.C.M. (CCH) 236; T.C.M. (RIA) 760052; February 26, 1976, Filed *352 Robert G. Wells, pro se. Kenneth B. Wheeler, for the respondent. TIETJENS
MEMORANDUM FINDINGS OF FACT AND OPINION TIETJENS, Judge: Respondent determined a deficiency in income tax for the year 1972 of $218.11. On his income tax return for 1972 petitioner claimed a miscellaneous itemized deduction of $1,075 as depreciation on his personal automobile. Respondent disallowed in full the claimed amount and determined the deficiency. This is the only item in controversy. A few of the facts are stipulated and are so found. At the time petitioner Robert G. Wells, a single person, filed his petition, he resided in Gainesville, Florida. His income tax return for 1972 was filed with the Director, Southeast Internal Revenue Service Center, Chamblee, Georgia. In the taxable year Robert was a teacher and lecturer at a college in Tifton, Georgia. His subjects were Anatomy, Physiology and Microbiology according to the opening statement of respondent's counsel which is not disputed. He lived somewhere in the "country" outside Tifton -- how far away is not in the record. Some of his classes, including laboratory, were conducted in the daytime, but he also taught in the *353 evening. To get to the college he used a car which he owned. He sometimes came home for meals. How much the car cost, its vintage, how many miles it was driven to and from home and school does not appear in the record. Robert was the only witness. Sometimes, according to his testimony, he drove the car to "find some living material over and above that which you can buy from Biologist's supply houses, frogs and turtles, whatever you would use in the lab." Robert also testified that he drove the car a hundred miles or so looking for an autoclave for the school laboratory. He found one which the school purchased. The school also paid for part of his mileage. Details are not disclosed. None of this traveling about was required by the school. After Robert filed his tax return for 1972, on which he asked a refund, further information was requested by the Internal Revenue Service about the claimed automobile depreciation. Before this matter was straightened out between Robert and the Internal Revenue Service, Robert was sent a refund check. Assuming that that was the end of the matter, Robert "just disposed of all of [his] literature on it and * * * was grateful that I.R.S. had recommended *354 in the favor of a legitimate taxpayer and had gone on to other matters." No further pertinent evidence appears. Of course that was not the end of the matter. The deficiency involved herein was later determined and Robert came to Court. On the basis of the record made, we must sustain the respondent. There is nothing in evidence except Robert's exasperation with respondent's delay in determining the deficiency and apparently leading him to dispose of his "literature" by making a refund. Such things do not carry the taxpayer's burden of proof when a deficiency is finally but timely determined. We do not think citations of authority are necessary, but see , affd. , cert. denied . Decision will be entered for the respondent.